IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| SHAYNE E. TODD, | **MEMORANDUM DECISION** |
| | **AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:14-CV-860 DB |
| | |
| PERRI FLORY et al., | District Judge Dee Benson |
| | |
| Defendants. | |

---

Plaintiff, Shayne E. Todd, an inmate at Central Utah Correctional Facility, filed a civil complaint against Defendants, all Utah Department of Corrections employees. The Court granted his *in forma pauperis* (IFP) application. As discussed below, the Court concludes that Todd must pay the filing fee in full before this case can proceed and thus vacates its order granting the IFP application.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this
> section if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent
> danger
> of serious physical injury.[2]

---

[1] 28 U.S.C.S. § 1915(a) (2014).

[2] *Id.* § 1915 (g).

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

Todd has filed three cases that have been dismissed as frivolous or failing to state a claim.[4] Section 1915(g) applies here because Todd was a prisoner when filing this complaint, and he has filed three or more prior cases or appeals in federal court that have been dismissed as frivolous or failing to state a claim. The language of section 1915(g) is mandatory. Thus, a federal prisoner, such as Todd, who falls within the three-strikes provision must prepay the entire filing fee before his claims may proceed.

## ORDER

Todd is ineligible to proceed without prepaying the filing fee here because he has, as an inmate, filed three or more cases or appeals in federal court which have been dismissed as frivolous or failing to state a claim.

---

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

[4] *Todd v. Patterson*, No. 10-4069, 2010 U.S. App. LEXIS 20887, at *6 (10th Cir. Oct. 6, 2010) (noting that, because this appeal of a district-court dismissal under 28 U.S.C. § 1915(e)(2)(B) was dismissed as frivolous, "'both dismissals count as strikes' against Mr. Todd" (referring to *Todd v. Peterson*, No. 2:04-CV-984 CW, 2010 U.S. Dist. LEXIS 23089 (D. Utah Mar. 23, 2009) (citation omitted)); *Todd v. Bigelow*, No. 2:12-CV-28-CW (D. Utah July 23, 2013) (dismissing case under 28 U.S.C. § 1915(e)(2)(B)).

Therefore, the Court's prior order granting Todd's IFP application is **VACATED** and Todd is **DENIED** permission to further proceed IFP. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

February 4, 2015.

BY THE COURT:

DEE BENSON
United States District Judge